UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| PATRICK JAMES RYAN, | ) | No. 11 B 34346 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| PATRICK JAMES RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 A 1793 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This adversary proceeding is before the court on the motion of defendant United States of America for what it calls "partial dismissal" of the three-count adversary complaint of plaintiff Patrick James Ryan. For the reasons discussed below, the motion will be granted. Count I will be dismissed, and Count III will be stricken as redundant of the remaining Count II.

1. **Procedural Posture**

Before the merits of the pending motion can be reached, it is necessary to clear away a great deal of procedural debris that the United States has strewn across the path to a decision.

Ryan is a chapter 13 debtor with several years of federal income tax debts, some of which he concedes are nondischargeable. The Internal Revenue Service claims a lien securing most of the tax debts. In Count I of his complaint, Ryan seeks to strip off the IRS lien from his property pursuant to section 506(d) of the Bankruptcy Code, 11 U.S.C. § 506(d). In Count II, he asks for

a determination that some of his tax debts are dischargeable. Count III purports to be a claim for a declaratory judgment both determining dischargeability and avoiding the lien pursuant to section 506(d) – the same relief sought in Counts I and II.

The United States moved for "partial dismissal" of the complaint, but the motion is not directed to specific counts. By "partial dismissal," the United States means dismissal of the complaint "except to the extent it seeks a determination of dischargeability." The United States contends that the section 506(d) claim in Count I should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for lack of personal jurisdiction pursuant to Rule 12(b)(2) based on its sovereign immunity from the section 506(d) claim. *See* Fed. R. Civ. P. 12(b)(1), (2) (made applicable by Fed. R. Bankr. P. 7012(b)). With the dismissal of that claim, apparently, the portion of Count III seeking a declaratory judgment based on section 506(d) would go as well.

Sovereign immunity is not the right route to dismissal of Count I. Congress unequivocally abrogated the United States' sovereign immunity with respect to section 506. *See* 11 U.S.C. § 106(a)(1). The extent of the abrogation is quite broad: the bankruptcy court is empowered to "hear and determine any issue arising with respect to the application" of section 506 to the United States. *Id.* §§ 106(a)(2). There really is no question that the United States is subject to claims under section 506. *See In re Nicks*, No. 12 C 1360, 2012 WL 3133618, at *2 (N.D. Ill. July 31, 2012); *Berkebile v. Ocwen Loan Serv., LLC (In re Berkebile)*, 444 B.R. 326, 334 (Bankr. W.D. Pa. 2011); *In re Louis Jones Enters., Inc.*, No. 10 B 11375, 2010 WL 1726820, at *1 (Bankr. N.D. Ill. Apr. 27, 2010).

United States nonetheless contends that because section 506(d) does not permit lien stripping, sovereign immunity has not been abrogated. According to the United States, Ryan's assertion of a meritless 506(d) claim renders meaningless the abrogation of sovereign immunity

-2-

in section 106(a), leaving sovereign immunity intact and making dismissal under Rules 12(b)(1) and (b)(2) appropriate.

The United States is mistaken for two reasons. First, sovereign immunity is not jurisdictional but rather a waivable affirmative defense; it "concerns the remedy rather than adjudicatory competence." *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008); *see also Libertarian Party of Ill. v. Illinois State Bd. of Elections*, No. 12 C 2511, 2012 WL 3880124, at *1 n.1 (N.D. Ill. Sept. 5, 2012). Second, the asserted deficiency of Ryan's section 506(d) claim does not negate the abrogation of sovereign immunity in section 106(a). In arguing that it does, the United States improperly conflates the merits of Ryan's claim with the court's subject matter jurisdiction. But it is "firmly established . . . that the absence of a valid (as opposed to arguable) cause of action does not implicate subject matter-jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis in original); *see also Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 642-43 (2002); *Jogi v. Voges*, 480 F.3d 822, 825 (7th Cir. 2007). The merits of Ryan's claim have no bearing on whether the United States is immune from the action in which the claim is asserted.

Rather than question the court's subject matter jurisdiction, the United States should have focused directly on the merits by moving to dismiss Count I of Ryan's complaint. Fortunately, the misstep does not prevent the court from proceeding with the current motion. Where, as here, a Rule 12(b)(1) motion is an indirect attack on the claim, the court may treat the motion as if it were filed as a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012(b)), for failure to state a claim. *Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992).

Treating the motion of the United States as one under Rule 12(b)(6), though, raises one

final procedural wrinkle. The United States filed its motion after answering Ryan's complaint, rendering the motion untimely. Under Rule 12(b), a motion to dismiss for failure to state a claim "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); *see Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2011). But even this additional misstep does not block the path to the merits, because a Rule 12(b)(6) motion for failure to state a claim filed after an answer is "in reality" a Rule 12(c) motion for judgment on the pleadings evaluated under the same standard as a Rule 12(b)(6) motion. *Id.* The motion can therefore be considered under Rule 12(c).

### 2. Count I

Having sorted out these preliminary issues, the court can now address what this motion is really about – whether Ryan, a chapter 13 debtor can use section 506(d) to strip the IRS lien off of his property. The answer is no. The motion of the United States on Count I will therefore be granted and Count I will be dismissed.

#### a. Facts

On a motion under Rule 12(c), all well-pleaded allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the non-movant. *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2010), *petition for cert. filed*, 81 U.S.L.W. 3071 (July 26, 2012) (No. 12-134). Generally, the scope of a Rule 12(c) motion is limited to the pleadings, but the court may also consider documents which may be judicially noticed. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

The complaint alleges the following facts. Debtor Patrick James Ryan resides in a condominium located in Chicago. The condo was sold for delinquent real estate taxes in 2009. The period to redeem the sold taxes expired the day before the chapter 13 case was filed. Ryan

-4-

asserts, however, that he still holds "bare legal title" to the condo. Ryan also owns various household goods with a scheduled aggregate value of $1,625.

Ryan failed to pay federal income taxes from 2006 to 2010. The IRS claims a lien for most of those taxes pursuant to 26 U.S.C. § 6321, and recorded a notice of lien with the Cook County Recorder of Deeds on January 25, 2011. The notice covered the delinquent taxes for 2006 to 2009, but not 2010. Ryan contends that the tax debts for the years 2006 and 2007 are dischargeable and only the tax debts for the remaining years are not. He asserts that the tax lien attaches to all of his "property or right to property," presumably including the "bare legal title" to the condo and his meager household goods.

The IRS filed a proof of claim in Ryan's chapter 13 case asserting a $141,364 claim, $1,625 of which is secured by its lien. No one has objected to the claim.

Although the complaint is not as clear as it might be, Ryan appears to be seeking a determination that the IRS claim for the 2008 tax year is wholly unsecured and the claim for the 2009 tax year is secured only to the extent of the value of Ryan's household goods, $1,625. Ryan therefore wants an order avoiding the IRS lien pursuant to section 506(d) to the extent the lien is not secured by collateral value.

### b. Discussion

As the United States correctly argues, Ryan has no claim under section 506(d) to strip off the IRS lien, even if the lien is unsecured under section 506(a) because it is unsupported by collateral value. The motion of the United States, construed as a motion for judgment on the pleadings, will therefore be granted.

It is well established that a chapter 13 debtor can strip off a wholly unsecured lien or strip down a partially unsecured lien. The starting point of the analysis is section 506(a)(1), which

-5-

defines when a claim has secured status.  Section 506(a) provides that the creditor's claim in bankruptcy is secured only to the extent of the value of the collateral supporting the claim.  11 U.S.C. § 506(a).  If the value is less than claim, the claim is undersecured.  And if there is no value at all supporting the claim, the claim is unsecured – the security interest under applicable state or federal substantive law notwithstanding.

In a chapter 13 case, a lien that is partially unsecured under section 506(a) can be removed as an encumbrance on the collateral – "stripped down" is the bankruptcy colloquialism – and the creditor's claim treated as unsecured.  The question is how that can be done.

Although some courts say that section 506(d) provides the lien-stripping vehicle, the position Ryan advances, it does not.  True, section 506(d) voids a lien that secures a claim against the debtor "that is not an allowed secured claim."  11 U.S.C. § 506(d).  The problem is that in *Dewsnup v. Timm*, 502 U.S. 410 (1992), the Supreme Court held that section 506(d) does not permit lien-stripping in a chapter 7 case.  And under section 103(a) of the Code, the provisions of chapter 5 (of which section 506(d) is one) apply equally to cases under chapter 13.  11 U.S.C. § 103(a).  So what is true for chapter 7 under *Dewsnup* must also be true for chapter 13.  (In addition, section 506(d) only permits the voiding of a lien that is not an "allowed" claim.  Since 502(a) says a claim is "allowed" if filed, section 506(d) can void only a claim that is disallowed or not filed.  The IRS has filed a claim, and in the absence of objection that claim is allowed.)  The United States is therefore correct in arguing that Ryan's section 506(d) claim has no merit.[1]

---

[1] One court reaching the opposite conclusion was the district court in *Nicks*, cited earlier in the sovereign immunity discussion.  After finding no sovereign immunity, *Nicks* went on to hold that the IRS lacked an "allowed" secured claim because the debtor's adversary complaint under section 506(d) constituted an "objection" to the claim, and section 506(d) can be used to strip down liens in chapter 13 cases notwithstanding *Dewsnup*.  See *Nicks*, 2012 WL 3133618, at *2-4.  On these points, *Nicks* was mistaken.

Ryan's arguments in favor of his claim fall into three broad categories, only two of which need to be addressed.[2] First, Ryan urges that a reading of the plain language of section 506(d) mandates its use as a method to avoid liens unsupported by collateral value. He suggests that section 506(d) is self-executing once collateral is valued under section 506(a). Once it is determined under section 506(a) that the collateral value is less than the lien, in other words section 506(d) automatically voids the unsecured portion of the lien.

The problem with Ryan's argument is that it is based on reading of section 506(d) directly opposed to the Supreme Court's reading in *Dewsnup*. In *Dewsnup*, the Court explained that section 506(d) cannot be read to avoid a lien merely because it is determined under section 506(a) to be unsupported by collateral value. Rather, section 506(d) is properly considered separate from section 506(a) and "voids only liens corresponding to claims that have *not* been allowed and secured." *Dewsnup*, 502 U.S. at 415 (emphasis in original). "For purposes of lien avoidance under 506(d), the court may consider only if the claim is allowed, and then whether it is secured." *In re Cook*, 432 B.R. 519, 529 (Bankr. D.N.J. 2010), *aff'd* 449 B.r. 664 (D.N.J. 2011). Under *Dewsnup*, section 506(d) cannot be read as Ryan would read it. *Dewsnup*, of course, is binding.

Second, Ryan contends that *Dewsnup*'s contrary reading of section 506(d) is limited to chapter 7 cases. In *Dewsnup*, the court noted the "difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations." *Id.* at 416. The Court therefore chose to "focus upon the case before us and allow other facts to await their legal resolution on another day." *Id.* at 416-17. The Court also said: "[W]e express no opinion as to whether the words

---

[2] The third category consists of several arguments about whether the claim in Count I claim is ripe for adjudication before the entry of discharge and whether the lien can be stripped at all under section 506(d) if the debt is not discharged. Because Count I will be dismissed for failure to state a claim, these questions are moot.

-7-

'allowed secured claim' have different meaning in other provisions of the Bankruptcy Code." *Id.* at 417 n.3. According to Ryan, *Dewsnup* anticipated that chapter 13 debtors could use section 506(d) as a lien-stripping device.

But there is little if anything in these snippets from *Dewsnup* to suggest the Court's "clear anticipation" that section 506(d) could be applied to strip liens in a chapter 13 case. To the contrary, *Dewsnup* was an interpretation of a provision of chapter 5, and there is no getting around the fact that section 103(a) makes the provisions of chapter 5 applicable in chapter 13 cases. 11 U.S.C. § 103(a). If accepted, Ryan's interpretation would not only give section 506(a) and 506(d) different meanings (as *Dewsnup* held), it would give section 506 a different meaning in a chapter 7 case than it has in a chapter 13 case. That consequence would violate the "well entrenched" rule against multiple interpretations of the same statute in different contexts. *See In re Woolsey*, ___ F.3d ___, ___, 2012 WL 3797696, at *11 (10th Cir. Sept. 4, 2012). "[T]here is no principled way to conclude that, although section 506(d) does not authorize lien stripping in chapter 7 cases, it has a different meaning in chapter 11, 12, and 13 matters." 4 *Collier on Bankruptcy* ¶ 506.06[1][c] at 506-139 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012).

Finally, Ryan expresses concern that without section 506(d) there is no valid mechanism in chapter 13 to avoid liens unsupported by collateral value, rendering section 506(d) meaningless in a chapter 13 case. His concerns are misplaced. It is well established that undersecured junior liens can be stripped down in a chapter 13 case. *In re Okosisi*, 451 B.R. 90, 93-94 (Bankr. D. Nev. 2011) (noting that this position "has been embraced by each of the six circuits that have considered this question"). The reorganization provisions of chapter 13 themselves provide the vehicle for stripping the liens. *In re Lane*, 280 F.3d 663, 665 (6th Cir. 2002); *In re Jarvis*, 390 B.R. 600, 603 (Bankr. C.D. Ill. 2008). Section 1322(b)(2) allows a plan

-8-

to "modify the rights . . . of holders of unsecured claims." 11 U.S.C. § 1322(b)(2). That modification can include the stripping down of an undersecured lien. Nor is section 506(d) meaningless. As the statutory language suggests, the purpose of section 506(d) is to void liens of creditors with disallowed claims.

Because *Dewsnup* precludes lien stripping under section 506(d) whether in a chapter 7 or a chapter 13 case, and because section 506(d) would not apply to this case in any event given that the IRS has an allowed secured claim, Count I of the adversary complaint fails to state a claim and will be dismissed.

### 3.  Count III

The declaratory judgment claim in Count III, finally, will be stricken. A declaratory judgment is a remedy, not a separate, substantive claim for relief. *Scanlon v. Northwest Mortgage, Inc.*, No. 11-3128 (MJD/TNL), 2012 WL 2885131, at *7 (D. Minn. July 13, 2012); *Thomas v. Wells Fargo Bank, N.A.*, No. CV-10-901-PHX-GMS, 2010 WL 3401060, at *4 (D. Ariz. Aug. 26, 2010). Although Ryan has not separated his requests for relief by count but has lumped them together at the end of his complaint, the dischargeability claim in Count II complaint necessarily encompasses a request for declaratory relief. No other form of relief is possible.

When a request for declaratory judgment is encompassed within a plaintiff's substantive claims, the "plaintiff can obtain relief without the aid of a separate declaratory judgment claim." *AET Rail Group, LLC v. Siemens Transp. Sys., Inc.*, No. 08-CV-6442, 2009 WL 5216960, at *6 (W.D.N.Y. Dec. 30, 2009). What remains of Count III, then, is duplicative of Count II and will be stricken pursuant to Rule 12(f). Fed. R. Civ. P. 12(f) (made applicable by Fed. R. Civ. P. 7012(b) (permitting a court can strike from a pleading "any redundant . . . matter" and allowing

the court to do so "on its own," without a request from a party.); *see, e.g., Wine & Canvas Dev., LLC v. Weisser*, ___ F. Supp. 2d. ___, ___, 2012 WL 3260234, at *11 (S.D. Ind. Aug. 7, 2012).

### 4. Conclusion

For these reasons, the motion of defendant United States of America for partial dismissal of the complaint of plaintiff Patrick James Ryan is granted. Count I is dismissed for failure to state a claim. Count III is stricken as duplicative of Count II. A separate order will be entered consistent with this opinion.

Dated: October 2, 2012

_____
A. Benjamin Goldgar
United States Bankruptcy Judge